BEESON SKINNER BEVERLY, LLP
Donald L. Beeson, CA State Bar No. 56532
dbeeson@bsbllp.com
Varun Nayini, CA State Bar No. 293465
vnayini@bsbllp.com
One Kaiser Plaza, Suite 750
Oakland, CA  94612
Tel.:  (510) 832-8700
Fax:  (510) 836-2595

Attorneys for Plaintiff
CHARCOAL COMPANION, INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARCOAL COMPANION, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> MEDIUM RARE INDUSTRIES, INC dba Cave Tools <br><br> Defendant | Case. No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> (JURY TRIAL DEMANDED) |

Plaintiff, Charcoal Companion, Incorporated ("CCI"), hereby alleges for its complaint against Defendant, Medium Rare Industries Inc. dba Cave Tools ("Cave Tools"), as follows:

**JURISDICTION**

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. §100, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

**VENUE**

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant committed acts of patent infringement in this district.

1

## INTRADISTRICT ASSIGNMENT

3. This case is exempt from intradistrict assignment pursuant to Civil L. R. 3-2(c) because it includes intellectual property claims.

## PARTIES

4. Plaintiff CCI is a California corporation having its principal business offices located at 5905 Christie Avenue, Emeryville, California 94608.

5. On information and belief, Defendant Cave Tools is a Pennsylvania corporation having its principal business offices located at 125 Ranch Road, Newtown, Pennsylvania 18940.

## FACTUAL BACKGROUND

6. Plaintiff CCI designs, markets, and distributes barbecue accessory products.

7. Plaintiff CCI owns U.S. Utility Patent No. 8,997,639 for a SMOKER BOX FOR HOLDING FOOD FLAVORING WOOD CHIPS OR THE LIKE (the "'639 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on April 7, 2015, and a copy of which is attached hereto as **Exhibit A.**

8. The claims of the '639 Patent are directed to a smoker box that can hold a quantity of wood chips and that can be removably placed below the cooking grate of a gas or electric cooking grill having heat deflector bars.  When the wood chips in the smoker box burn, the resulting smoke escapes through perforations on the top lid of the smoker box and impart enhanced smoke flavor into foods cooked on the grill.  *See,* '639 Patent at 2:23-2:31.

9. Earlier smoker boxes for wood chips were placed on top of the cooking grate or built into the grill itself.  One drawback of these prior art smoker box arrangements is that the smoker box is not located where it can most advantageously smoke the food: below the cooking grate.  The smoker box of the '639 Patent overcomes this drawback.  It can be tucked between the heat deflector bars of a grill well below the cooking grate.  '639 Patent at 1:11-1:62.  The smoker box can be provided in numerous

1 | COMPLAINT FOR UTILITY PATENT INFRINGEMENT AND DESIGN PATENT INFRINGEMENT

2 different shapes and configurations that allow for this advantageous placement.  '639

3 Patent, Figs. 1, 4A, 4B, 4C, 6A and 6B.

4     10. Plaintiff CCI further owns U.S. Design Patent No. D585,702 which covers a

5 particular distinctive and ornamental design for a SMOKER BOX FOR A COOKING

6 GRILL (the ""'702 Design Patent").  The '702 Design Patent was duly and legally issued

7 by the United States Patent and Trademark Office on February 3, 2009, and a copy is

8 attached hereto as **Exhibit B.**

9     11. Upon information and belief, Defendant Cave Tools markets, distributes,

10 and sells a variety of cooking tools and accessories, including barbecue tools for use with

11 charcoal or gas barbecue grills.  Defendant Cave Tools sells its barbecue tool products

12 directly to consumers through their official website at www.cavetools.com, as well as

13 through third-party online retailers and e-commerce platforms such as Amazon.com.

14     12. Upon information and belief, Defendant Cave Tools has made, imported,

15 used, offered to sell, and/or sold, and continues to make, import, use, offer to sell, and/or

16 sell smoker box products that are covered by the '639 Patent and '702 Design Patent

17 owned by Plaintiff CCI.    Smoker box products that are covered by the '639 Patent and

18 '702 Design Patent have been purchased from Defendant Cave Tools in this District.

19 Photographs of Defendant Cave Tool's infringing smoker box products are attached

20 hereto as **Exhibit C**.

21     13. Upon information and belief, Defendant Cave Tools's infringing smoker box

22 products are available in two different sizes, designated by model names "V SMOKER

23 BOX S" and "V SMOKER BOX L".  Other than size, these models are identical in design.

24     14. Plaintiff CCI has not authorized Defendant Cave Tools to make, import,

25 use, offer to sell, and/or sell the V SMOKER BOX S or V SMOKER BOX L.

26     15. Plaintiff CCI sells within the United States its own smoker box products as

27 covered by the '639 Patent and '702 Design Patent and has marked the same with patent

28 notices in accordance with 35 U.S.C. 287(a).

16. Defendant Cave Tools also has actual notice of Plaintiff CCI's '639 Patent and '702 Design Patent. In a demand letter dated September 30, 2016 sent by Plaintiff CCI to Defendant Cave Tools, Plaintiff CCI notified Defendant Cave Tools of the '639 Patent and '702 Design Patent and Defendant Cave Tool's infringement thereof. Despite this notice, Plaintiff CCI is informed and believes that Defendant Cave Tools continues to make, use, import, sell and/or offer for sale their infringing V SMOKER BOX S and V SMOKER BOX L.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 8,997,639

17. Plaintiff CCI incorporates the allegations of paragraphs 1-16 above.

18. Plaintiff CCI alleges that Defendant Cave Tools's V SMOKER BOX S and V SMOKER BOX L infringe at least Claim 18 of the '639 Patent. Upon information and belief, both smoker box products include the following limitations of Claim 18 required to establish infringement:



(1) a container body for holding wood chips or the like, the container body having a top and a smaller bottom centered beneath the top which defines the deepest portion of the container body, wherein the container body

   progressively narrows from the top to the smaller centered bottom, the container body being sized and shaped to approximately conform to the trough region between adjacent heat deflector bars of a cooking grill on which the smoker box is to be used; and

(2) a lid for at least partially covering the top of the smoker box, the lid having a plurality of openings to allow smoke to be released over a relatively large area of the lid, whereby smoke from wood chips or the like contained within the container body of the smoker box is released from the smoker box to flavor food on a cooking grate above the smoker box.



## SECOND CAUSE OF ACTION

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D585,702

19. Plaintiff CCI incorporates the allegations of paragraphs 1-16 above.

20. Plaintiff CCI further alleges that the design of Defendant Cave Tools's V SMOKER BOX S and V SMOKER BOX L would be seen to be substantially the same in the eyes of the ordinary observer to the distinctive, ornamental design covered by the '702 Design Patent.



21. The top-openings on the lid of the smoker box design of the '702 Design Patent are in broken lines and thus are not part of the claimed design. Additionally, the breaks depicted in the '702 Design Patent drawing indicate that the smoked box design shown can be of any length.

## CLAIM FOR RELIEF

22. As a direct and proximate consequence of Defendant Cave Tools's infringement of the '639 Patent and '702 Design Patent, Plaintiff CCI has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Plaintiff CCI is entitled to relief.

23. Defendant Cave Tools has been put on actual notice of the '639 Patent and '702 Design Patent by Plaintiff CCI and infringement of the '639 Patent and '702 Design Patent by Defendant Cave Tools has been willful and deliberate.

24. Pursuant to 35 U.S.C. § 284, Plaintiff CCI is entitled to damages, and to treble damages, on grounds that, on information and belief, the infringement by Defendant Cave Tools was willful and deliberate.

25. Pursuant to 35 U.S.C. §289, Plaintiff CCI is entitled to Defendant Cave Tools's total profit on account of the infringement, and pre-judgment and post-judgment interest on such award.

26. Pursuant to 35 U.S.C. § 283, Plaintiff CCI is entitled to temporary and permanent injunctions enjoining Defendant Cave Tools from further infringing the '639 Patent and '702 Design Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CCI requests that this Court enter judgment in its favor against Defendant Cave Tools as follows:

27. Declaring that Defendant Cave Tools has infringed the '639 Patent and '702 Design Patent owned by Plaintiff CCI.

28. Declaring that such infringement has been willful and deliberate.

29. Preliminarily and permanently enjoining Defendant Cave Tools, including its respective officers, directors, agents, employees, parents, and subsidiaries, and all others acting or controlled by or through Defendant Cave Tools, or acting in concert or participating with Defendant Cave Tools, from making, using, causing to be used, selling, offering to sell, and importing into the United States any goods that directly infringe, contributorily infringe, or inducing or causing others to infringe the '639 Patent and '702 Design Patent pursuant to 35 U.S.C. § 283.

30. That Plaintiff CCI be awarded compensatory damages according to proof on account of such infringements in accordance with 35 U.S.C. §284, and pre-judgment and post-judgment interest on such award.

COMPLAINT FOR UTILITY PATENT INFRINGEMENT AND DESIGN PATENT INFRINGEMENT

31. That Plaintiff CCI be awarded Defendant Cave Tools's total profit on account of such infringements under 35 U.S.C. §289, and pre-judgment and post-judgment interest on such award.

32. That treble damages be assessed against Defendant Cave Tools for willful infringement pursuant to 35 U.S.C. §284;

33. Awarding Plaintiff CCI reasonable attorneys fees pursuant to 35 U.S.C. § 285.

34. Awarding Plaintiff CCI such further and additional relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

35. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff CCI hereby demands a trial by jury on all claims asserted herein.

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

36. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Date: November 11, 2016                    BEESON SKINNER BEVERLY, LLP

                                                  By /Donald L. Beeson/
                                                     Donald L. Beeson
                                                     Attorneys for Plaintiff
                                                     Charcoal Companion, Incorporated